UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
     03-CR-56S

STEVEN D. BLUMHAGEN and
SUSAN M. BLUMHAGEN,

        Defendants.

## I. INTRODUCTION

On February 28, 2003, a Grand Jury sitting in the Western District of New York indicted Defendants Steven D. Blumhagen and Susan M. Blumhagen ("Defendants"), along with co-defendant David Trotter,[1] on 29 counts of conspiracy, mail fraud and money laundering conspiracy.

Presently before this Court is Defendants' Motion to Dismiss Count 29 of the Indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure.[2] After receiving full briefing on the motion, this Court held oral argument on August 3, 2005, and reserved decision at that time. For the reasons stated below, Defendants' motion is granted.

---

[1] David Trotter pled guilty to Count 1 of the Indictment on March 1, 2004.

[2] Defendant Steven Blumhagen filed the instant Motion to Dismiss, a memorandum of law in support, and a reply memorandum of law. Defendant Susan Blumhagen filed a Motion for Joinder in the Motion to Dismiss, which this Court granted from the bench at oral argument. In opposition to Defendants' motion, the Government filed a memorandum of law and a sur-reply memorandum of law.

## II. BACKGROUND

The Indictment in this case stems from the failed Tee to Green business enterprise. Defendants are accused of fraudulently, falsely and knowingly misrepresenting the insured status of particular promissory notes marketed and sold to investors in the golf practice facility. Count 1 of the Indictment alleges a conspiracy to obtain money by means of false and fraudulent pretenses in violation of 18 U.S.C. §§ 1341 and 371; Counts 2-28 allege mail fraud in violation of 18 U.S.C. §§ 1341 and 2; Count 29 alleges conspiracy to launder money in violation of 18 U.S.C. § 1956(h).

Count 29 reads as follows:

> Commencing on or about April 1, 1997, and continuing thereafter to on or about January 19, 1999, the exact dates being unknown, in the Western District of New York and elsewhere, the defendants, STEVEN D. BLUMHAGEN and SUSAN M. BLUMHAGEN being United States persons, did knowingly, willfully and unlawfully combine, conspire, confederate and agree together, with each other, and with others, to violate Section 1957 of Title 18, of the United States Code, that is, they agreed to engage and agreed to attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, described below, through and to financial institutions in and affecting interstate and foreign commerce, such criminally derived property having been derived from a specified unlawful activity, that is, acts which are indictable under Section 1341 of Title 18 of the United States Code, namely, acts of mail fraud, as more fully described in Counts 2-28, the factual allegations of which are incorporated herein by reference, in violation of Title 18, United States Code, Section 1956(h).

Count 29 then describes four transactions that constitute the alleged "monetary transactions in criminally derived property." Taken chronologically, the "Dove Group Transactions" began on or about April 1, 1997, and ended on or about December 22, 1997. The "$200,000 Transaction" began on May 21, 1997, and ended on or about November

17, 1997.  The "$1,000,000 Transaction" began on or about July 22, 1997, and ended on or about January 19, 1999.  The "$400,000 Transaction" began on or about August 18, 1997, and ended on or about September 18, 1997.

By incorporation, Count 29 alleges that the "criminally derived property" was acquired through the specified unlawful acts of mail fraud described in Counts 2-28 of the Indictment.  The first individual act of mail fraud set forth in Counts 2-28 is alleged to have occurred on October 29, 1997.  The last individual act of mail fraud is alleged to have occurred on August 26, 1998.

Defendants contend that Count 29 of the Indictment is defective as a matter of law because the acts of mail fraud are alleged to have occurred after the financial transactions. They argue that according to the Indictment, the acts of mail fraud, which constitute the specified unlawful activity from which property was criminally derived, began on October 29, 1997.  This post-dates the monetary transactions, which allegedly ended on August 26, 1997.  That is, Defendants argue that Count 29 fails to charge a legally sufficient criminal offense underlying the alleged conspiracy because it alleges that the laundering of criminal proceeds occurred before those proceeds could possibly have been derived from the unlawful activity specified in the Indictment.

Through a double-incorporation argument, the Government contends that the Introduction section of the Indictment and the Manner and Means section of Count 1 are incorporated into Count 29.  Specifically, the Government argues that paragraph 19 of Count 1, which alleges criminal activity beginning in January of 1997, is incorporated into Count 29.  It contends that reading the incorporated sections together with the language of Count 29, the alleged money laundering conspiracy began in January of 1997, and

continued to on or about January of 1999, thus pre-dating the monetary transactions. In this Court's view, the Government's argument is unpersuasive.

### III. DISCUSSION

In Count 29, the Government alleges that Defendants violated 18 U.S.C. § 1956(h). The Second Circuit has set forth the following requirements for such a prosecution:

> In order to establish that a defendant conspired to launder monetary instruments in violation of 18 U.S.C. § 1956(h), the government must show that the defendant agreed to: 1) conduct a financial transaction; 2) involving proceeds of specified unlawful activity; 3) knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity; and 4) knowing that the financial transaction was designed in whole or in part to conceal or disguise the nature, source, location, ownership, or control of those proceeds.

United States v. Henry, 325 F.3d 93, 103 (2d Cir. 2003) (citing United States v. Maher, 108 F.2d 1513, 1525-27 (2d Cir. 1997)). More particularly, the Second Circuit has held that for the Government to prevail under the money laundering statutes, it "must show that defendant '(1) acquire[d] the proceeds of a specified unlawful activity *and then* (2) engage[d] in a financial transaction with those proceeds.'" United States v. McCarthy, 271 F.3d 387, 394-95 (2d Cir. 2001) (emphasis added) (quoting United States v. Napoli, 54 F.3d 63, 68 (2d Cir. 1995)). "[W]hen the underlying crime is completed, a transaction conducted with the proceeds from that crime may provide the basis for a money laundering conviction." Id. at 395 (citing United States v. Morelli, 169 F.3d 798, 805-09 (3d Cir. 1999)). Thus, the relevant authority requires that the unlawful activity that generates proceeds occur *before* those proceeds are used in financial transactions.

On its face, Count 29 of the instant Indictment charges the opposite. It charges that

Defendants committed the specified unlawful activity (the acts of mail fraud set forth in Counts 2-28) and generated proceeds *after* they engaged in financial transactions (the four transactions set forth in Count 29) with those proceeds.  Specifically, the unlawful activity is alleged to have begun on October 29, 1997, more than two months *after* the financial transactions are alleged to have been completed on August 26, 1997.

In an effort to salvage Count 29, the Government argues that two sections of the Indictment must be read to incorporate an earlier date for the beginning of the specified unlawful activity.  The Government first points to the incorporation in Count 29.  Count 29 describes the specified unlawful activity as "acts of mail fraud, as more fully described in Counts 2-28, the factual allegations of which are incorporated herein by reference."  Turning to Counts 2-28, paragraph 1 of that section incorporates "the allegations set forth in the Introduction to this indictment, and the allegations set forth in the Manner and Means section of Count 1 of this indictment."  In turn, Count 1, paragraph 19, alleges that criminal activity began "from time to time beginning in January, 1997, and continuing until January, 1998."  Thus, the Government argues that a fair reading of the Indictment places the specified unlawful activity as beginning in January of 1997, which is before the first financial transaction occurred on April 1, 1997.

There are several problems with the Government's double-incorporation argument that compel this Court to reject it.  To begin, the incorporation of Counts 2-28 into Count 29 cannot fairly be read to incorporate Counts 2-28 in their entirety.  The incorporation language in Count 29 is quite specific.  It incorporates "acts of mail fraud, as more fully described in Counts 2-28, the *factual allegations* of which are incorporated herein by reference." (Emphasis added.)   Counts 2-28 of the Indictment are contained in two

5

paragraphs. The first paragraph states as follows:

> The allegations set forth in the Introduction to this indictment, and the allegations set forth in the <u>Manner and Means</u> section of Count 1 of this indictment are incorporated herein by reference as if fully set forth herein.

In this Court's view, this paragraph does not contain any factual allegations. Rather, it is a procedural incorporation paragraph used by the Grand Jury as a tool to avoid restating the Introduction of the Indictment and the Manner and Means section of Count 1. The Grand Jury's limitation of its incorporation to "the *factual* allegations" in Counts 2-28 must be given effect. Surely the Grand Jury knew that it could have incorporated all of Counts 2-28 by leaving out the "factual" qualifier, as it did elsewhere in the Indictment. For example, in the paragraph cited above, the Grand Jury incorporates "the allegations" in the Introduction to the Indictment and "the allegations" in the Manner and Means section of Count 1. No "factual" qualifier is used.

Principles of construction dictate that this Court construe the Grand Jury's limited incorporation of "factual allegations" – as opposed to the wholesale incorporation of "allegations" – as *not* incorporating the first paragraph of Counts 2-28, which contains no factual allegations. <u>See</u>, <u>e.g.</u>, <u>United States v. Tappin</u>, 205 F.3d 536, 540 (2d Cir. 2000) (applying canon of construction of *inclusio unius est exclusio alterius* – to express or include one thing implies the exclusion of the other, or of the alternative – in a different context). Because there are only two paragraphs in Counts 2-28, one containing factual allegations and one not, it is most reasonable to assume that the Grand Jury included the qualifier "factual" in its incorporation statement because it intended to incorporate only the second paragraph of Counts 2-28. Only the second paragraph contains factual allegations

relating to the various acts of mail fraud listed therein. Moreover, by its plain language, paragraph 1 of Counts 2-28 does not describe any act of mail fraud, as the Count 29 incorporation paragraph requires. Thus, the Government's double-incorporation argument fails at its inception, and this alone is reason to grant Defendants' motion.

However, even if this Court was to accept the Government's first incorporation step, it finds that the second incorporation is faulty as well. The second half of the Government's double-incorporation argument is that paragraph 19 of Count 1 sets the beginning of the unlawful activity as January of 1997. In this Court's view, acceptance of this argument would negate the Grand Jury's express understanding that it was indicting Defendants for criminal actions that they engaged in "commencing on or about April 1, 1997," as specifically set forth in Count 29. This date – April 1, 1997 – is also the date upon which it is alleged that the first financial transaction took place. Contrary to the Government's argument, nothing in the Indictment suggests that the Grand Jury intended to include activity allegedly occurring in January of 1997, such as the depositing of checks from promissory note purchasers into Tee to Green accounts, in the money laundering conspiracy count, which it specifically charged began on or about April 1, 1997.[3] This conclusion is buttressed by the fact that the Grand Jury specifically identified the acts in Counts 2-28 as the acts of unlawful conduct from which the criminal proceeds used in the financial transactions described in Count 29 were derived. The earliest act included in Counts 2-28 occurred on October 29, 1997.

Also telling is the fact that the second incorporation fails to reference any specific

---

[3] Given the Grand Jury's specific reference to the April date, this Court finds the Government's argument regarding use of the "on or about language" in Count 29 to be unavailing.

act of mail fraud.  Only the Introduction to the Indictment and the Manner and Means section of Count 1 is incorporated.  The Overt Acts section of Count 1, which describes acts of mail fraud, is excluded.  Therefore, even if the double-incorporation argument is accepted, there is an absence of a description of acts of mail fraud as referenced in Count 29.

Finally, acceptance of the Government's position would, in essence, amount to an improper expansion or amendment of the Indictment.  See United States v. Wozniak, 126 F.3d 105, 107 (2d Cir. 1997) (vacating conviction that was based on an "impermissible constructive amendment" of the indictment); United States v. Zingaro, 858 F.2d 94, 98 (2d Cir. 1988) (noting that alteration of the charges without resubmission to the Grand Jury is a deprivation of a basic right).  From this Court's reading of the plain language of the Indictment, the Grand Jury indicted Defendants for a money laundering conspiracy that began on or about April 1, 1997, and involved acts of mail fraud described in Counts 2-28. In the face of Defendants' current challenge, the Government now wishes to expand the Indictment to charge a money laundering conspiracy beginning on or about January of 1997, and involving not only acts of mail fraud described in Counts 2-28, but any acts of mail fraud described in the Manner and Means section of Count 1 as well.  Such a constructive amendment of the Indictment is impermissible as it changes the nature of the crime charged by the Grand Jury and deprives Defendants of sufficient notice of the charges against them.  See Stirone v. United States, 361 U.S. 212, 215, 218, 80 S.Ct. 270, 272, 273, 4 L.Ed.2d 252 (1960) (noting that a defendant should be held to face only the charges brought by the Grand Jury, and that after an indictment has been returned its charges may not be broadened through amendment except by the Grand Jury).

This Court understands that Count 29 alleges a conspiracy charge. However, while it is well settled that a conspiracy charge may stand alone, even if the underlying substantive offense is never committed, the underlying substantive offense must nonetheless constitute a crime. Having rejected the Government's double-incorporation argument, this Court finds based on McCarthy and a plain reading of the Indictment that the conspiracy alleged in Count 29 is not based on a legally sufficient underlying substantive act. Accordingly, Defendant's Motion to Dismiss Count 29 of the Indictment is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count 29 of the Indictment is granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant Steven Blumhagen's Motion to Dismiss Count 29 of the Indictment (Docket No. 105) is GRANTED.

FURTHER, that Defendant Susan Blumhagen's Motion for Joinder in the Motion to Dismiss (Docket No. 111) is GRANTED.

FURTHER, that Count 29 is DISMISSED from the Indictment.

SO ORDERED.

Dated:     November 15, 2005
           Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge