UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                      **DECISION AND ORDER**
                                 03-CR-56S

STEVEN BLUMHAGEN,

                Defendant.

      1.     On April 18, 2006, Defendant Steven Blumhagen pled guilty to mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 371 and 1341. On April 19, 2006, Defendant filed a Motion for Release Pending Sentence under 18 U.S.C. § 3143(a)(1). In particular, Defendant requests that he be released subject to conditions that he and the Government agree will reasonably assure his appearance for sentencing and protect the community from harm.

      2.     In support of his motion, Defendant filed a memorandum of law and the affidavit of his attorney, Paul F. Enzinna. The Government concurs in Defendant's motion, and filed a memorandum of law and a sealed affidavit. This Court finds oral argument on this motion unnecessary.

      3.     With some exceptions not pertinent here, a defendant who is awaiting imposition of sentence must be detained unless a judicial officer finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released under 18 U.S.C. §§ 3142(b) or (c). See 18 U.S.C. § 3143(a). Section 3142(b) provides for release on personal recognizance or unsecured appearance bond. Section 3142(c) provides for release on conditions.

4. Having reviewed and considered the parties' submissions, this Court will grant Defendant's motion. In this Court's view, Defendant has established by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

5. This Court is satisfied that Defendant does not pose an unreasonable flight risk. First, Defendant has extensive family and personal ties to this area. Second, he will be subjected to home confinement and electronic monitoring, and will be permitted to leave his house only for pre-approved doctors' appointments, legal meetings, religious services and other purposes pre-approved by the Probation Department. Moreover, prior to being remanded for violating the conditions of his pre-trial release, Defendant had a satisfactory record of appearing for court proceedings when directed to do so. Finally, should Defendant flee, his advisory guideline range would nearly double and he would likely lose any opportunity to obtain a downward departure in any other prosecution he may face. In this Court's view, this serves as a powerful incentive for Defendant to appear for sentencing.

6. In addition, this Court finds that the conditions of release that will be imposed will reasonably protect the community from further harm. There is no evidence that Defendant poses a physical threat to any individual or the community as a whole. Given the nature of Defendant's conviction and his history of preying on members of the community, this Court's concern is that Defendant may pose an economic danger. However, Defendant will be barred from accessing any of the tools necessary to engage in the type of criminal activity that he previously engaged in. Additionally, Defendant will be cooperating with the Government and providing information to assist it in investigating

similar schemes. In this sense, Defendant's activities will be further monitored by the law enforcement agencies he is assisting.

7.  Accordingly, upon consideration of the record, this Court finds that clear and convincing evidence demonstrates that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. See 18 U.S.C. § 3143(a). Defendant will therefore be released on conditions pursuant to 18 U.S.C. § 3142(c).

IT HEREBY IS ORDERED, that Defendant Steven Blumhagen's unopposed Motion for Release Pending Sentencing (Docket Nos. 176 and 177) is GRANTED.

FURTHER, that Defendant shall be released pending the imposition of sentence pursuant to 18 U.S.C. §§ 3143(a) and 3142(c), with the following conditions of release:

1.  Posting of $250,000 bond fully secured by cash or property;[1]

2.  Report as directed by the U.S. Probation Officer;

3.  Report as soon as possible to the U.S. Probation Officer any contact with any law enforcement personnel, including but not limited to any arrest, questioning or traffic stop;

4.  Do not apply for or obtain a new passport;

5.  Travel restricted to the Western District of New York;

6.  Do not possess or have access to a cellular telephone, computer, fax machine, or Internet service.

7.  Do not seek or maintain employment.

---

[1] Although not agreed to by the parties, this Court finds that a sizeable bond is a necessary condition for Defendant's release. Magistrate Judge Foschio previously set a $75,000 bond when Defendant was released pre-trial. As evidenced by Defendant's violation of the conditions set by Judge Foschio, a bond of $75,000 did not provide sufficient incentive for Defendant to comply with the terms of his release. A fully secured bond totaling $250,000 (inclusive of the previously posted bond) is therefore a justified and reasonable condition of release.

8. Abide by conditions of the Home Confinement Program (including electronic monitoring), with permission to leave the house granted only for pre-approved doctor appointments, legal meetings, religious services and other purposes pre-approved by the Probation Officer after a detailed itinerary, including documentation and a description of the trip's purpose, is provided to the Probation Officer;

9. Do not have contact with Michael Kujawa;

10. Do not have access to any bank or financial accounts and do not obtain access to any new bank or credit accounts while released;

11. Do not solicit money from other persons or institutions for any purpose whatsoever;

12. Do not accept or hold money or things of value or enter into a position of trust with any third party.

FURTHER, that Defendant shall not be released pursuant to this Order until (1) the fully secured bond is posted and (2) the United States Probation Department assesses and verifies the appropriateness of Defendant's residence for the home confinement and electronic monitoring program.

FURTHER, that the oral argument scheduled for Wednesday, April 26, 2006, at 10:00 a.m. is CANCELLED as unnecessary.

SO ORDERED.

Dated: April 24, 2006
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge